UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02425-DOC-DFM                                Date: November 5, 2025

Title: ALICIA MIRANDA v. HOME DEPOT U.S.A., INC.

| PRESENT: | THE HONORABLE DAVID O. CARTER, JUDGE | |
|---|---|---|
| Damian Velazquez for Karlen Dubon | | Not Present |
| Courtroom Clerk | | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

**PROCEEDINGS (IN CHAMBERS):     ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

## I.     Background

This is a personal injury action. Plaintiff Alicia Miranda alleges that she was in the lumber aisle at a Home Depot Store in Anaheim, CA on July 28, 2023 when a 4x4 piece of lumber, which was not secured by a safety strap, fell onto her. Complaint (Dkt. 1, Ex. A). Plaintiff alleges causes of action for negligence and premises liability against Defendants Home Depot U.S.A., Inc. and Does 1-50. *Id*.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on July 24, 2025. Notice of Removal ("Not.") (Dkt. 1). On October 28, 2025, Defendants removed the action to this Court, asserting diversity jurisdiction. *Id*.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02425-DOC-DFM                                                          Date: November 5, 2025

                                                                                                                        Page 2

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v.*

*Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.  Discussion

Defendant argues that this Court has diversity jurisdiction in this action. Not. ¶ 11. The Court disagrees.

Defendant has not met its burden to show that the amount in controversy requirement is satisfied. Defendant merely states that the amount in controversy exceeds $75,000. Not. ¶ 11. However, this assertion is not supported by underlying facts in the Notice of Removal. Plaintiff alleges that the medical costs arise to $10,659, which include emergency room costs and urgent care costs, and future medical care is estimated to cost $25,000. Not. ¶ 5. The sum of these two costs does not exceed $75,000.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02425-DOC-DFM                                                                 Date: November 5, 2025
                                                                                                                    Page 4

Defendant's only concrete fact to support that the amount in controversy may be over $75,000 is a demand letter that Plaintiff sent Defendant on October 2, 2025 for an amount of $450,000 to resolve the matter. *Id*. Defendant does not state what that demand was based on or what additional damages the Plaintiff incurred to reach this amount.

This Court does not include types of speculative damages, such as emotional distress, or civil penalties, when calculating the amount in controversy. *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011 (9th Cir. 2010) (recognizing that front pay is speculative); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendant has not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02425-DOC-DFM　　　　　　　　　　　　　　　　Date: November 5, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

### IV.　Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: dve
CIVIL-GEN